W. U. TEL. CO. v. R. S. EDSALL.

(Case No. 5097.)

1. BILL OF EXCEPTIONS.— No bill of exceptions need be taken to a charge of the court, in order to secure the action of the supreme court thereon, regarding any errors it may contain.

2. TELEGRAPH COMPANIES.— Telegraph companies, in the absence of special contract regulating their liability, are not held to insure the safe and accurate transmission and delivery of telegraph messages. They must use such care and diligence as is reasonably adequate to the faithful discharge of the duty. (Following Womack *v.* W. U. Tel. Co., 58 Tex., 176, and other cases cited in opinion.)

3. SAME— NEGLIGENCE.— Whether there is, in any case, culpable negligence in altering the terms of a message in its delivery is a question of fact to be determined by evidence; though when a message is shown to have been transmitted and delivered, changed from the words in which it was received, the company is *prima facie* negligent, and must show by evidence the circumstances of excuse or justification.

Statement of the case.

4. Telegraph messages — Estoppel.— When one writes a message on a blank form furnished by a telegraph company, which contains printed stipulations governing and limiting the liability of the company, and does not dissent from the conditions, he will, in the absence of fraud, be estopped from denying the binding force of such stipulations. He cannot show that he did not read or understand them.

5. Damages — Telegraph company.— One desiring to be met by his horses, and dog named "Shep," at Buffalo Springs, procured the telegraph operator at Gainesville to write and send a message to accomplish that object. The message as intended would have read thus:

"Gainesville, 1–20, 1882.

"To Joel Butler, Throckmorton, Texas (Mail Ft. Griffin, Tex.):

"Meet me immediately with two horses and Shep.

"R. S. Edsall."

The word "sheep" was written for "Shep," which was the name of the sender's dog, and being thus written by the operator, the message was signed by the sender and sent over the wires. Edsall owned a flock of twenty-five hundred sheep under Butler's care, who started with his flock in mid-winter on receipt of the message to meet their owner, whereby great loss resulted from their death, etc. In a suit by the sender of the message against the company, held:

(1) The operator, having written the message at the sender's request, which was signed by the sender, was, as to that message and in its preparation, the agent of the plaintiff.

(2) That if the facts had been such as to render the company liable, the loss resulting to the ranch sheep from being driven to and from Buffalo Springs in compliance with the telegram would, as a general rule, be recoverable.

6. Damages.— The rule for the recovery of damages laid down in Hadley v. Baxendale, 9 Exch., 341, approved.

Appeal from Cooke. Tried below before the Hon. C. C. Potter.

Suit by appellee to recover of appellant $6,332.50 damages for an alleged error of appellants in transmitting a message, in this: That, on the 20th day of January, 1882, appellee purchased of one George West, in Cooke county, thirteen hundred head of sheep, and desiring help from his ranch in Throckmorton county to aid him in driving them to his said ranch, he delivered to appellant's operator at Gainesville a message in substance as follows:

"Gainesville, 1–20, 1882.

"To Joel Butler, Throckmorton, Texas (Mail Ft. Griffin, Texas):

"Meet me immediately with two horses at Buffalo Springs; bring Shep.          R. S. Edsall."

That at the time he left said message for transmission appellee charges that he was the owner, in addition to the sheep bought of West, of a flock of twenty-five hundred sheep, then on his ranch in Throckmorton county; that the message was prepared for appellee by the operator of appellant at his, the appellee's, request; and that,

by the negligence and fraud of appellant in transmitting said message, "Shep" was changed to "sheep," and delivered to Butler in all respects as written except in that particular.

That Butler, on receipt of said message, started to meet appellee at Buffalo Springs, bringing with him the ranch flock of sheep, and that, from driving, exposure, want of food, etc., on the drive, the sheep were damaged, by death, loss of lambs, and reduction in flesh, in the sum of $2,900.

That the West flock of sheep, by reason of Butler's failing to meet appellee with the horses and dog ("Shep"), and render him the needed assistance in the drive, were exposed to the cold weather; numbers of them died and were injured, and that appellee's loss by reason thereof amounted to the sum of $3,432.50.

That the damage and injury to the two flocks amounted, in the aggregate, to the sum of $6,332.50; and was caused, brought about and incurred by reason of the gross negligence, fraud and carelessness of defendant in not sending appellee's said message to said Butler as it agreed to do.

Appellant's defense to said action, after the several demurrers thereto, was:

*First.* A general denial.

*Second.* Such contributory negligence upon the part of appellee as would prevent his recovering the damages claimed.

*Third.* That the damages sought to be recovered were not in contemplation of the parties at the time appellant accepted the message for transmission.

*Fourth.* That in the preparation of the message the operator acted solely as the agent of appellee, and that appellant was not bound by any act of said operator prior to his receiving the message for transmission.

*Fifth.* That the error (if made at all) was made on a connecting line, over which appellant had no control.

*Sixth.* That the message was written on a printed blank of appellant, and that it was an unrepeated message, and that, by the terms of the contract, no greater sum than that paid appellant for the transmission of the message could be recovered herein.

*Seventh.* A failure upon the part of appellee to present his claim for damages in writing within sixty days.

By supplemental petition appellee pleaded that he was not bound by the printed contract contained in the message, because the same was wrongfully, wilfully and fraudulently concealed by appellant from appellee; that said conditions and limitations were without

consideration, against public policy, contrary to good conscience and fair dealing, and should not be enforced.

Verdict and judgment for appellee for the sum of $3,300 in damages, and costs of suit.

Appellant relied upon the following propositions for a reversal of the judgment, viz.:

#### FIRST PROPOSITION.

That the court erred in its fifth clause of instructions to the jury, in this: That the mistake, being caused by negligence of appellant's servants or agents, is not submitted to the jury; but said charge makes appellant insurer for the correct transmission of said message.

#### SECOND PROPOSITION.

The court erred in the fourth division of its charge to the jury, in this: "That the acts and words of the operator, done while he was preparing the message for plaintiff, would relieve plaintiff from the effect of signing said message, in so far as the stipulations or conditions in said message blank are concerned;" because the evidence shows that what the operator did in that respect was done by him acting as plaintiff's agent, and that he was not the agent of defendant for any such purpose.

#### THIRD PROPOSITION.

The court erred in the fourth division of its charge, in this: It submitted to the jury the question of damages done to the sheep known as the "Ranch Sheep," without any evidence showing that any damage done to said sheep was in contemplation of defendant at the time it received said message for transmission.

#### FOURTH PROPOSITION.

The court erred in same subdivision of its charge, in this: That the reduction in value of the sheep, by loss of wool, could be estimated in arriving at plaintiff's damage; because no such element of damage was claimed by plaintiff, nor was there any allegation in plaintiff's petition that any of said sheep were damaged by loss of wool.

#### FIFTH PROPOSITION.

The court erred in the same subdivision of its charge, in this: That the plaintiff was entitled to recover the actual expense of said trip, and the labor of making the same, from plaintiff's ranch to Buffalo Springs and back; because no such an element of damage was in contemplation of appellant; and, if recoverable at all, it

would be subject to the expense of Butler, two horses and Shep, to Buffalo Springs, etc.

### SIXTH PROPOSITION.

The court erred in fifth subdivision of its charge, in this: That the question of negligence of defendant is not submitted to the jury; the effect of said charge is to make defendant an insurer against mistakes in transmitting the message.

### SEVENTH PROPOSITION.

The court erred in same subdivision of its charge, wherein it is sought to make defendant responsible for all the injury done the West sheep between Gainesville and Buffalo Springs; because the message was to have Butler meet plaintiff at Buffalo Springs.

### EIGHTH PROPOSITION.

The court erred in refusing to give this special charge, asked by defendant: " If the jury believe from the evidence that the plaintiff, R. S. Edsall, asked the operator in charge of defendant's office in Gainesville to prepare for him the message, and that said operator wrote said message on one of defendant's blanks, and after it was so written by the operator at said Edsall's request, the said Edsall signed the same and delivered it to the operator, then the said Edsall would in law be bound by the conditions in said message blank contained; and if they believed that said message blank contained: ' It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same,' then and in that event defendant would be protected, notwithstanding they may find the error charged was made; plaintiff cannot recover the damages claimed by him, nor can he recover any greater amount than the sum paid for transmitting said message, and interest thereon from the date of payment of same."

### NINTH PROPOSITION.

The court erred in refusing to instruct the jury, as asked by defendant, in this special charge: 2d. " If the jury believe from the evidence that it was no part of defendant's operator's duty to prepare messages for transmission, and that the message in this case was prepared by defendant's operator, at his, the plaintiff's, request, and for plaintiff, then you are instructed that the said operator, in so

preparing said message, was acting as the agent of the plaintiff, and defendant would not be bound by any act of said operator done in preparing said message for transmission, and would only be bound by the acts of said operator after said message was delivered to him for transmission."

Other errors were assigned not necessary to notice.

*Stemmons & Field,* for appellant, that the court erred in the fifth subdivision of the charge, cited: Western Union Tel. Co. *v.* Neill, 57 Tex., 283; Womack *v.* W. U. Tel. Co., 58 Tex., 176; Thompson on Negligence, 2d vol., pp. 832, 835, note 1, and authorities cited in subnote 3, p. 836; Wait's Actions and Defenses, 4th vol., p. 696, sec. 20; Breese *v.* U. S. Tel. Co., 48 N. Y., 132.

That the court erred in the fourth subdivision of the charge — citing: Wait's Actions and Defenses, vol. 6, p. 19; Wood's Mayne on Damages, p. 34; Thompson on Negligence, 2d vol., p. 848, sec. 13; Baldwin *v.* U. S. Tel. Co., 45 N. Y., 744.

That the court erred in refusing to give the special charge asked, referred to in statement of case under eighth proposition, found in statement of case — citing: Womack *v.* W. U. Tel. Co., 58 Tex., 176; W. U. Tel. Co. *v.* Neill, 57 Tex., 583; Breese *v.* U. S. Tel. Co., 45 Barb., 274; Camp *v.* W. U. Tel. Co., 1 Metc. (Ky.), 164; Wann *v.* W. U. Tel. Co., 37 Mo., 472; Passmore *v.* W. U. Tel. Co., 78 Pa. St., 238; Redpath *v.* W. U. Tel. Co., 112 Mass., 71.

*Potter & Hughes,* for appellee, that telegraph companies are insurers except when they contract to be relieved from such liability in sending messages, cited: Wait's Actions and Defenses, vol. 6, sec. 14; also section 5 and case there cited; Thompson on Neg., vol. 2, note 1 on pp. 835–7, authorities there cited (especially latter part of said note); Sutherland on Damages, vol. 3, p. 295; Shear. & Redf. on Neg., 659; De Rutte *v.* New York Tel. Co., 1 Daly (C. P.), 547; Western Union Tel. Co. *v.* Tyler, 74 Ill., 168; S. C., 24 Am. Rep., 279; Rittenhouse *v.* Independent Line of Tel., 44 N. Y., 263; S. C., 4 Am. Rep., 673; Bartlett *v.* W. U. Tel. Co., 62 Me., 209; S. C., 16 Am. Rep., 447; Turner *v.* H. Tel. Co., 41 Ia., 458; and see Sweetland *v.* Ill. Miss. Tel. Co., 27 Iowa; S. C., 1 Amer. Rep., 295, where the difference between an error in a message with a contract for repeating, etc., and one without such contract, is stated; Baldwin *v.* U. S. Tel. Co., 45 Barb., 505; 1 Lans., 125; Bryant *v.* Am. Tel. Co., 1 Daly (C. P.), 200, and other cases cited in 3 Sutherland on Damages, note 1, p. 297; Tel. Co. *v.* Griswood, 37 Ohio St., 301; 25 La. Ann., 383.

---

---

That the message being sent wrong made a *prima facie* case against the company — citing: W. U. Tel. Co. *v.* Carew, 15 Mich., 525; Rittenhouse *v.* Independent Line Tel., 44 N. Y., 263; Opinion by same judge in case of Breese *v.* U. S. Tel. Co., cited by appellant; Tyler *v.* W. U. Tel. Co., 60 Ill., 428-9; Tel. Co. *v.* Griswood, 37 Ohio St., 301; 25 La. Ann., 383; Barlett *v.* W. U. Tel. Co., 62 Me., 218; Womack *v.* W. U. Tel. Co., 58 Tex., 176.

The damages that naturally and proximately flowed from the error may be recovered — citing: Thompson on Neg., vol. 2, pp. 149 and 150, sec. 13, and cases therein cited; Wood's Mayne on Damages, pp. 18 and 19, and note 2. See Sutherland on Damages, vol. 3, pp. 300 to 307, and authority cited.

WATTS, J. COM. APP.— To enable a party to avail himself of an error in the charge of the court it is not necessary for him to except to it. The statute provides that the charge is to be filed " and shall constitute a part of the record of the cause, and shall be regarded as excepted to, and subject to revision for errors therein, without the necessity of taking any bill of exceptions thereto." R. S., art. 1318.

Appellant insists that the court erred in the charge to the jury, in assuming that if there had been an alteration in the message in its transmission and delivery as claimed, that then the alteration resulted from the culpable negligence of the company or its agents.

It is a well known fact, that, owing to apparently eccentric and unexpected disturbances of the electric currents, as well as other causes against which prudence and foresight could not provide, although a message may be properly and correctly forwarded from the originating office, with the most exact precision, its passage upon the wire may be entirely interrupted, or the sounds or signals thereby so changed that a different message is received from that which was sent.

Hence the established rule is, that in the absence of a special contract limiting or regulating the liability of telegraph companies, they are not held to *insure* the safe and accurate transmission and delivery of messages. In the discharge of the duty assumed in transmitting and delivering messages for compensation, they are held to the exercise of such care and diligence as is reasonably adequate to a faithful discharge of the duty. Womack *v.* W. U. Tel. Co., 58 Tex., 176; W. U. Tel. Co. *v* Neill, 57 Tex., 283; Breese *v.* U. S. Tel. Co., 48 N. Y., 132; Sweatland *v.* Illinois, etc., Tel. Co., 27 Iowa, 433; Ellis *v.* American Tel. Co., 13 Allen, 226; Washington etc., Tel. Co. *v.* Hobson, 15 Gratt., 122.

Where there has been a material alteration in the terms of a message in its transmission and delivery, in the absence of a special contract limiting the liability, then, as to whether or not such alteration is the result of culpable negligence on the part of the company or its agents, is a question of fact, to be determined from the attending facts and circumstances.

It is now the generally accepted doctrine that in such case, where it is shown that the message was received by the company and not delivered, or delivered in a materially altered or changed condition, this makes a *prima facie* case of negligence against the company, and the burden rests upon it to show that the condition resulted from some excusable cause. 14 Federal Reporter, 722, note x; Gray's Communications by Telegraph, § 26, note 3; also § 53, note 1.

The effect of the charge may be seen from the following extract: "And if you further believe that when said message reached its destination, and was received by said Butler, that it was so altered and changed as to read 'sheep' instead of 'Shep,' you will find for the plaintiff."

Appellant had adduced evidence tending to show that at that time its line over which the message in question passed was in good condition, that the instruments in use were first class, and that it had skilful and careful operators in its employment. It was therefore error for the court to assume that the alteration was the result of culpable negligence. Under the circumstances that question should have been submitted to the jury by appropriate instructions.

It appears with sufficient certainty that the message as signed by appellee was written upon one of the company's blanks, upon which certain stipulations were printed. Amongst these were that the company would not be liable for errors in unrepeated messages, and unless the claim was presented in writing within sixty days after the message was sent.

In reference to such stipulations the weight of authority is clearly and decidedly that where one writes a message upon one of these blanks, and signs the same without dissent, he will, in the absence of fraud, be estopped from denying the binding force of such regulations, notwithstanding he did not in fact read them. Gray's Communications by Telegraph, p. 52, note 2. And such a person will not be permitted to show that he did not read or understand the conditions contained in the printed regulations. 14 Federal Reporter, 721, note u, and p. 722, note v.

Appellant in this case asserted these conditions, and especially that with respect to the repeating of the message, as a defense to

the action for damages.    To obviate the effect of that defense, appellee claimed that he was ignorant respecting the business of telegraphy, and so informed the operator, and requested him to write the message, which he did, and that the operator so held the message to appellee for his signature that the printed conditions were excluded from his view by the operator's hand, and that he did not see the printing, and hence knew nothing of the matter.    He claims that the operator's conduct in the matter constituted such fraud upon him as relieved him from the effect of the conditions.

It appears from the evidence that when he called upon the operator and informed him of what was desired, that the operator passed out some blanks and told appellee to write the message upon them, but appellee remarked that he knew nothing of the business; that he had never written a message, and requested the operator to write it for him, which was done, appellee dictating the message.    When it had been written and corrected, the operator placed the same upon the counter, keeping one hand upon the top of the message, and pointing to appellee the place where the name should be signed. It also appears that between the date and address the following words were printed, viz.:    "Send the following message subject to the above terms, which are agreed to."    And just below where appellee signed his name, an index hand was placed and these words printed:    "Read the notice and agreement at the top."

While the court charged the jury correctly as to the effect of appellee's signing the message, the court further charged the jury in effect that if the operator by his acts or words misled appellee, or prevented him from reading the conditions, then that they would not be binding upon appellee.    From the character of the verdict, manifestly, the jury found that appellee was not bound by the printed conditions, upon the ground of the fraud of the operator.

In Wolf v. W. U. T. Co., 62 Pa. St., 83, it is in effect said that there must not be anything deceptive in the manner in which these printed regulations are grafted into the contract.    And that, notwithstanding the regulations are in small type, yet if the notices upon the blanks, calling attention to them, are plainly and conspicuously printed, that will be sufficient.

Appellant claims that the operator was the agent of appellee in writing and preparing the message, and therefore no fraud could be imputable to appellant on account of any fraudulent conduct of the operator in preparing the message for appellee.

Evidently the operator in the preparation of the message was acting for the appellee, and not the company.    True, he was the agent

of the company to receive and forward messages, but not to write messages for others. Now when appellee specially requested the operator to do this work for him, the operator in respect to that particular matter was as much the agent of the appellee as if he had been a stranger to both parties. To illustrate this thought, suppose that appellee, instead of calling upon the operator, had called upon his friend West, and West had in every respect performed the duty as it was performed by the operator, no one would contend that appellant would be bound by the acts of this stranger.

The record discloses the fact that the printed notice to read the agreement at the top of the message was in plain view of the appellee when he signed the message, and it seems that he neither read nor paid the slightest attention to that; and it is by no means a plausible assumption that if the operator had removed his hand entirely from the message, that the appellee would have given the slightest attention to the printed conditions. He was a witness upon the stand, and did not even intimate that he read the notice, or would have read the conditions had the message been handed to him. Besides, the fact that at first the operator placed the blanks before the appellee, and directed him to write the message thereon, would tend to show that there was no intentional fraud upon the part of the operator.

The finding that the appellee was released from the conditions by reason of the fraud of the operator is not sustained by the facts and circumstances of the case. Throughout there is an absence of the essential elements of fraud which would authorize a court to relieve against the contract. This may seem to be a hard case; grant that it is; nevertheless, when relief is extended upon that ground, then it is true that *hard cases make bad law.* That no one will be excused on account of his ignorance of the law is a maxim of universal application, for to grant relief upon that account would result in obliterating all law.

Appellant claims that the court erred in submitting, as an element of damage recoverable in this action, the injury to what is known as the "Ranch Sheep," because it is asserted such damage was not in the contemplation of the parties as resulting from a breach of the contract at the time it was made.

In the leading case of Hadley *v.* Baxendale, 9 Exch., 341, which is invariably cited with approval by the American courts, the doctrine is stated as follows: "Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should

be such as may fairly and reasonably be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

In this case the particular breach consisted in directing the agent to meet appellee with sheep instead of Shep. Thus it would seem that the removal of the sheep to Buffalo Springs, assuming that the agent should have acted upon the message, would have been the result according to the usual course of things. For Butler, the agent of appellee, had charge of the sheep, and was subject to the orders of appellee. Now when he received an order directing him to take the sheep to Buffalo Springs, the taking of them to that point is the natural result of giving the order. Thus the damage to these "Ranch Sheep," occasioned by driving them to and from Buffalo Springs, in compliance with the order, would, as a general rule, be recoverable.

To authorize a recovery as to these sheep, appellee would have to show that due care had been exercised on the drive, and that the damage necessarily resulted from the exposure, etc. Thus the recovery could be had only for such elements of damage as appellee has asserted in his petition.

These conclusions sufficiently dispose of this appeal. The other errors assigned need not be discussed, as they are such as may not arise upon another trial.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 27, 1885.]