## WESTERN UNION TELEGRAPH CO. v. JANKO. (No. 7668.)*

(Court of Civil Appeals of Texas. Galveston. March 11, 1919. Rehearing Denied April 3, 1919.)

1. TELEGRAPHS AND TELEPHONES ☞54(4)— CONTRACTS—VALIDITY.

A contract between a sender of a telegram and a telegraph company to the effect that the company shall not be liable for damages or statutory penalties where the claim is not presented in writing within 95 days after the cause of action shall have arisen is valid, and is binding on the parties thereto and their principals, unless procured by fraud, or unless unreasonable under the facts and circumstances of the particular case, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5714.

2. TELEGRAPHS AND TELEPHONES ☞66(1)— CONTRACT — PRESUMPTIONS OF KNOWLEDGE.

One dictating a message to a telegraph agent and then signing the message, and the sendee named in the message, are presumed to know the contents of a contract on the back of the blank.

3. APPEAL AND ERROR ☞173(9)—ISSUES IN LOWER COURT—WAIVER.

A waiver of a right not pleaded cannot be urged for the first time on appeal.

Appeal from District Court, Burleson County; R. J. Alexander, Judge.

Suit by Joe Janko against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. H. Flippen, of Dallas, Albert Stone, of Brenham, and Albert T. Benedict, of New York City, for appellant.

W. M. Hilliard and A. B. Gerland, both of Caldwell, for appellee.

LANE, J. This suit was instituted by Joe Janko, appellee, in the district court of Burleson county, Tex., on November 1, 1916, against the appellant, Western Union Telegraph Company, to recover damages in the sum of $1,900 for alleged negligence of the appellant for failure to promptly transmit and deliver the following telegram:

"Burton, Texas, May 2, 1915.

"To Joe Janko, Caldwell, Texas: Come at once. Mother is very low.        F. J. Janko."

Among other things, appellee in substance alleged that at about 1 o'clock p. m. on the 2d day of May, 1915, his brother, F. J. Janko, who resided at or near the town of Burton, in Washington county, Tex., for his benefit delivered to appellant's agent, at its office in Burton, the foregoing message to be transmitted and delivered to him at his home two miles east of the town of Caldwell, in the county of Burleson; that F. J. Janko got the agent of appellant to write the message and told him that the words he wanted in the message were, "Come at once. Mother is very low," and that he did not tell him to use any other words therein; that when F. J. Janko signed the message for transmission he did not know that there was a clause therein providing, "The company will not be liable in any case where claim is not presented in writing within ninety-five days after the cause of action, if any, shall have arisen;" that, when said message was handed to F. J. Janko to sign, the printed matter on the front thereof was concealed by the hand of appellant's agent so that he could not see the same, and in this manner the signature of sender was fraudulently procured, and therefore the clause above quoted is not binding on him. He alleged that the message was never delivered to him; that his mother died on said 2d day of May, 1915, was buried on the 3d of said month; and that by reason of such failure on the part of appellant to deliver the message he was prevented from seeing his mother before she died and from attending her funeral, to his damage in the sum of $1,900.

Appellant answered and filed general and special demurrers, general denial, and under oath specially answered that the message was written on one of its printed blanks, which contained a stipulation, among other things, "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety-five days after the cause of action, if any, shall have arisen," and that no written claim for or notice of damages was given to defendant until September 25, 1915, which was more than 95 days from the date of the filing of said message, and the knowledge of its contents was known to the plaintiff, and more than 95 days from the date of the accrual of plaintiff's cause of action, and that by reason of plaintiff's failure to comply with the terms of said contract he is precluded from any recovery based on the sending of said message; that the plaintiff's cause of action, if any he had, accrued not later than May 5, 1915, and that it is more than 95 days from May 5, 1915, until September 25, 1915; that, by reason of plaintiff's failure to comply with terms of said contract, he is precluded from any recovery based on said message.

The case was submitted to a jury upon special issues, in answer to which they found, among other things, the following:

(1) That F. J. Janko did not know that the 95-day clause or stipulation for notice of claim was on the back of the message signed by him.

(2) That F. J. Janko was not prevented from learning of the 95-day stipulation on

the back of the message by the action of the defendant's agent at Burton.

(3) That Joe Janko did not know of the 95-day stipulation for notice on the back of the message.

(4) That Joe Janko was prevented from learning of said 95-day stipulation by the failure or refusal of defendant's agent at Caldwell to deliver the message.

(5) That under all the facts and circumstances proven, the 95-day stipulation for notice was not a reasonable stipulation.

The jury also found that the appellant was guilty of negligence in not making prompt delivery of the message, to the damage of appellee in the sum of $375.

Upon these findings of the jury the trial court rendered judgment in favor of appellee against appellant for the sum of $375. From this judgment the telegraph company has appealed.

Appellant presents but one assignment, as follows:

"The court erred in refusing to give to the jury special charge No. 1, requested by the defendant, which was as follows: 'You are hereby instructed to return a verdict for the defendant company'—because the undisputed testimony in this case shows that the plaintiff and defendant entered into a contract containing the following stipulations or agreement, to wit: 'The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety-five days after the cause of action, if any, shall have arisen.' That the message herein sued on was sent on May 2, 1915, and no claim of any kind was filed with the plaintiff until the original petition was filed in this cause, which was on the 1st day of November, 1915, which was more than 95 days after the cause of action, if any, shall have arisen. The evidence further shows that on May 3, 1915, the plaintiff, Joe Janko, had knowledge of all the damages that would accrue to him, and, so far as he is concerned, the cause of action had arisen on May 3, 1915. There is no effort made on the part of plaintiff or excuse given as to why he did not comply with this contention. On the other hand, the undisputed testimony shows that his agent, F. J. Janko, had knowledge of this condition and knowledge to agent is knowledge to the principal, and that he had this knowledge on May 3, 1915, and, notwithstanding this, the said Joe Janko made no effort to in any way comply with the provision of his contract.

"Conditions like the above are not contrary to law, and, in absence of their being prohibited by law, they must be upheld by the court, and, the testimony in this case showing a breach of the said condition, it was the duty of the court to have instructed the verdict for the defendant company."

Appellee's contention is:

First. That at the time his brother, F. J. Janko, signed and delivered the message to be transmitted for his benefit, the said F. J. Janko did not know that the 95-day stipulation was on the back of the message;

that this fact was concealed from him by the agent of appellant at Burton; and that after the message was transmitted to him at Caldwell, in Burleson county, the same was never delivered to him, and he had no knowledge of the contents of the contract evidenced thereby, and therefore he is not bound by said 95-day stipulation.

Second. That if it be held that the message, including the 95-day clause, was his voluntary contract, still he contends that his failure to give the written notice provided by said clause should not defeat his right of recovery, because he did, within four or five days after his damage accrued, orally tell appellant's local agent at Caldwell that he was going to sue the company for damages because of the failure of the company to deliver the message which should have been transmitted to him from Burton to Caldwell; that the agent did not tell him to put his claim in writing, and therefore he waived the stipulation for the presentation of appellee's claim in writing, and the company is now estopped to set up his failure to present said claim in writing as a defense to his suit.

Third. That under all the facts and circumstances proven, the 95-day clause was unreasonable and should not constitute a defense to his right to recover.

We find that the notice provided for in this contract was not given within 95 days after plaintiff's cause of action accrued.

[1] The contract for notice on the back of the message is one which the parties had the right to make, and which is binding on the parties thereto and their principals, unless shown to have been procured by fraud, or unless the same is unreasonable under the facts and circumstances shown to exist. If such notice stipulation was reasonable under the facts and circumstances, and appellee failed to give such notice within the time specified, he cannot recover. Article 5714, Vernon's Sayles' Civil Statutes; Western Union Tel. Co. v. Neill, 57 Tex. 283, 44 Am. Rep. 589; Womack v. W. U. Tel. Co., 58 Tex. 176, 44 Am. Rep. 614; W. U. Tel. Co. v. W. S. Rains, 63 Tex. 27; W. U. Tel. Co. v. Edsall, 63 Tex. 668; W. U. Tel. Co. v. Culberson, 79 Tex. 65, 15 S. W. 219; Lester v. W. U. Tel. Co., 84 Tex. 313, 19 S. W. 256; W. U. Tel. Co. v. Vanway et ux., 54 S. W. 414; W. U. Tel. Co. v. Taber, 127 S. W. 268; W. U. Tel. Co. v. Douglass, 104 Tex. 66, 133 S. W. 877; Taber v. W. U. Co., 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185; W. U. Tel. Co. v. McMillan, 174 S. W. 918.

We find no evidence in the statement of facts which would justify the jury or the trial court in finding that appellant's agent at Burton either intentionally or otherwise prevented F. J. Janko, the sender of the message from seeing and reading the 95-day clause on the back thereof. Indeed,

the jury upon this issue found that said agent did nothing to prevent F. J. Janko from seeing and reading said clause, and we think such finding is supported by the undisputed evidence. We also find that the undisputed evidence shows that F. J. Janko requested appellant's agent at Burton to write the message for him which was to be transmitted to appellee, Joe Janko, at Caldwell, and that at the same time he also requested him to write one containing the same substance to be transmitted to his brother, John Janko, at Somerville, Tex., and another of the same substance to be transmitted to J. R. Clipper at Anderson, Tex.; that in writing said messages said agent, by reason of a misunderstanding of the proper addresses or by inadvertence, addressed the message intended for John Janko, who resided at Somerville, to Caldwell, where appellee, Joe Janko, resided, and addressed the one intended for the appellee, Joe Janko, to Somerville, where John Janko resided. It is also shown that the message addressed to John Janko at Caldwell, the only one transmitted to that place, was promptly transmitted on the 2d day of May, 1915, and was delivered to appellee, Joe Janko, at about 2 o'clock p. m. on the 3d day of May, 1915, about 24 hours after it was lodged with the Burton agent, but that such delivery was too late to enable appellee to get to Burton before the death and burial of his mother.

We also find that, while the trial court recites in his judgment "that the defendant, through its agent at Caldwell, Tex., fraudulently kept and prevented the said Joe Janko, plaintiff, from knowing of and about said 95-day clause and stipulation on the back of said telegram," and while the jury found the same to be true, there is neither pleading nor evidence to support such recital, or finding of the jury.

We have also carefully examined the statement of facts, and find no evidence whatever to support or sustain the finding of the jury that the 95-day clause was, under the facts and circumstances surrounding the parties, unreasonable. There is nothing in the record to support a finding that any agent of appellant did any act or omitted to perform any duty incumbent upon them which prevented either of the Jangos from knowing that said 95-day clause was on the back of the message.

[2] We also find as a matter of law that both Joe Janko and F. J. Janko are presumed to have known the contents of the contract made by F. J. Janko for appellee, Joe Janko, and that, in the absence of proof that said contract was obtained by fraud, it is binding upon appellee, unless it be shown that the clause in question was, under all the facts and circumstances surrounding the parties, unreasonable.

[3] We have reached the conclusion that no fraud was shown on the part of the appellant or any of its agents in obtaining the contract, and that appellee was charged with the notice of the contents of the contract, and that he was as well advised of the contents thereof on the 3d day of May, 1915, as he was on the 1st day of November, 1915. We also conclude that there was no evidence to support the finding of the jury that the 95-day clause was unreasonable under the facts and circumstances proven. We also find that, if the facts now contended for by appellee as constituting a waiver of written notice was in fact a waiver, still such facts cannot now be availed of by appellee, for the reason that there is no pleading setting up such facts as a waiver. A waiver must be pleaded, and, unless pleaded, cannot be urged for the first time on appeal.

It is apparent from what has been said that we have reached the conclusion that the court should have instructed a verdict for the defendant as requested by it.

Having reached such conclusion, we here now reverse the judgment of the trial court and render judgment for the appellant, defendant in the trial court.

Reversed and rendered.