## WESTERN UNION TELEGRAPH CO. v. VANN. (No. 6997.)

(Court of Civil Appeals of Texas. Austin. Oct. 27, 1926. Rehearing Denied Nov. 24, 1926.)

**I. Telegraphs and telephones** ⊜⇒54(4)—Recovery by addressee of undelivered telegram held barred by noncompliance with condition requiring written "claim for damages."

Recovery against telegraph company by addressee of undelivered telegram *held* barred by noncompliance with condition, on back of blank on which original message was written, that written claim for damages must be presented within 95 days after cause of action accrued, though defendant's employee wrote message on blank; and plaintiff's charge and complaint of negligence and defendant's employee's memorandum thereof was not "claim for damages."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Claim for Damages.]

**2. Telegraphs and telephones** ⊜⇒54(4)—Provision on telegraph blank requiring written claim for damages within stipulated time held valid (Rev. St. 1925, art. 5546).

Provision on back of telegraph blank that written claim for damages must be presented within 95 days after cause of action accrues to hold company liable is valid, if reasonable, in view of Rev. St. 1925, art. 5546.

---

**3. Telegraphs and telephones ⬅48—Telegraph company's employee held agent of sender in writing message on blank.**

Employee of telegraph company *held* to be agent of sender when he wrote message on blank at her direction and in her presence and read it to her for her approval.

**4. Telegraphs and telephones ⬅54(7)—Addressee of telegram held bound by provision on blank used by sender.**

Addressee of telegram is bound by terms on back of blank on which sender wrote message to same extent that sender is.

**5. Telegraphs and telephones ⬅54(7)—Sender's failure to read terms on back of telegraph message blank held not to relieve her therefrom.**

Failure of sender of telegram to read terms on back of message blank or know contents thereof does not relieve lier therefrom, where she had opportunity to read them and there was no fraud or concealment preventing it.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by B. L. Vann against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Hart, Patterson & Hart, of Austin, for appellant.

Dickens & Dickens, of Austin, for appellee.

BAUGH, J. This is an appeal from a judgment awarding B. L. Vann $1,500 as damages against the Western Union Telegraph Company for failure to deliver to him a message from his wife filed with said company at Austin, Tex., about 7:20 p. m. on November 27, 1924, addressed to said B. L. Vann at Littlefield, Tex., advising him of the death of his mother. The message was never delivered to him. He first learned of the death of his mother after she was buried, through a newspaper report. The case was submitted to a jury on special issues and judgment entered upon their findings.

[1] Appellant brings several assignments on which it predicates five propositions of law. We have concluded, however, that one issue is determinative of this appeal, and shall limit our consideration to that issue. That is, whether or not appellant is precluded from a recovery of damages because of his failure to comply with one of the conditions printed on the back of the telegraph blank on which the original message was written. This provision reads as follows:

"In the case of interstate messages in Texas the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety-five days after the cause of action, if any, shall have accrued."

The message was filed with appellant on Thursday, the day of the mother's death. The funeral occurred at Austin on the following Saturday. On Sunday, November 30th, appellee's wife wrote him advising him that she had sent the message, and of its contents. This letter reached appellee on Monday, December 1st. On the following day, December 2d, he went to the operator of appellant at Littlefield and asked for the message and was informed that none had been received for him. His cause of action arose when he learned that the message had been sent and had not been delivered.

According to appellee's testimony, he made his first inquiry and complained to the operator at Littlefield on December 2d, and was informed that no such message had been received there. Thereafter, about December 23d, he returned to Austin and took the matter up with the Austin office of appellant. To use his language:

"I called at the Austin office for the purpose of getting information on it. I wanted to find out the facts about the failure of the delivery to me; that was the purpose of my visit."

Vann returned to Littlefield about January 1, 1925, and again took the matter up with the Littlefield office, and, to use his term, demanded an "explanation" as to why he had not received the message. He again returned to Austin some time in February, and went again to the Austin office of appellant, inspected the original message, and procured a copy of it. Though appellee appears to have complained of the company's negligence on several occasions, at no time did he make any demand or request for damages of any kind either orally or in writing. To use his own language in summing up those various conversations with the employees of appellant:

"I made substantially the same inquiries and statements at the office in Littlefield and the office in Austin; I went to them and stated the facts to them and asked for an explanation."

[2] Appellee's suit was filed on April 22, 1925, four months and twenty days after his cause of action arose. Upon the face of the blank on which the original message was written was a printed notice that same was to be sent subject to the terms on the back thereof, one of which was the limitation above set out as to filing claims for damages in writing. It is now well settled that such a provision on the back of the message is a part of the contract and valid if reasonable. Article 5714, R. S. 1911; Article 5546, R. S. 1925; Western Union v. Verhalen (Tex. Civ. App.) 204 S. W. 240; Western Union v. Janko (Tex. Civ. App.) 212 S. W. 243. Whether or not same is reasonable must be determined by the facts of the particular case, and there is no contention

in the instant case either in the pleadings or on the proof that such limitation was not reasonable.

Appellee, however, urges that such limitation is not binding upon him for two reasons: (1) Because the message was written by an employee of the company and not by the sender; and (2) because the message was never delivered to him, and that therefore the limitation is not binding upon him. He also pleaded compliance therewith in that he had filed his demand in writing within the prescribed time.

[3-5] As to the first contention, the undisputed facts are that when Mrs. Vann went to the Austin office to send the message, the agent of the company handed her its regular telegraph blank upon which to write her message. She had left her glasses at home and requested the agent to write the message for her. This he did in her presence and read same to her for her approval. Under such circumstances, the agent who wrote the message became the agent of the sender for that purpose, and she is bound the same as if she had written the message herself. Western Union v. Edsall, 63 Tex. 668; Western Union v. Holcomb (Tex. Com. App.) 210 S. W. 509; 37 Cyc. 1694, and cases there cited. It is also true that the addressee of a message is bound by its terms the same as the sender. Western Union v. Janko, supra; 37 Cyc. 1695. Nor does the failure of the sender to read the terms on the back of the message, or know the contents thereof, relieve the sender therefrom, where such sender had opportunity to do so and there was neither fraud nor concealment preventing her from doing so. Western Union v. Edsall, supra; Womack v. Western Union, 58 Tex. 176, 44 Am. Rep. 614; 37 Cyc. 1693.

Appellee does not contend that he made any demand for damages over his own signature. He testified that the employees of the company both at Austin and at Littlefield made a "written memorandum or statement of the occurrence," including the message and his instructions for an investigation or an explanation, and said they would look into the matter and see why the message had not been delivered. Appellee wrote nothing himself and signed nothing. This was not a compliance with the limitation in the message requiring a claim for damages to be presented in writing. A charge of negligence, a complaint thereof, and a demand for an explanation are not tantamount to a presentation of a claim for damages even where made in writing, which appellee did not do. See 37 Cyc. 1690, and cases cited. As stated in the case of Western Union v. Moxley, 80 Ark. 561, 98 S. W. 114:

"There is a clear distinction between a notice of negligence and a claim for damages. It is no doubt often the case that notice is given to this company concerning the negligence of its employees in transmitting and delivering telegrams, and complaint made thereof without any thought of making a claim for damages. A mere notice to a company that its employees have been negligent, with the circumstances thereof, is a very different thing from a presentment of a claim for damages based on such negligence, and, to hold that a stipulation which requires a presentment of the claim for damages in writing is satisfied by a notice of the negligence on which the claim is based, would do violence to the language used, and be, in effect, making a different contract between these parties."

See, also, Davis v. Western Union (Mo. App.) 236 S. W. 407.

Appellee cites us to several cases in support of his contention that said limitation is not binding on appellee, the last two of which are Western Union v. Armstrong (Tex. Civ. App.) 207 S. W. 592, and Western Union v. Honeycutt (Tex. Civ. App.) 250 S. W. 431. The holdings in these two cases are based upon the other cases cited, and further reference to such other cases is unnecessary. In all of these cases, however, the message was telephoned by the sender, or by his agent, and accepted by the company over the telephone. The agent of the company wrote the message as telephoned on a telegraph blank on the back of which occurred the limitation in question. The sender did not in those cases know of that fact and had no opportunity to read such provisions. These cases are clearly distinguished from the case at bar. In the Armstrong Case, supra, Judge Hodges recognizes the distinction between the two classes of cases in the following language:

"It may be, and doubtless is, correct to say that one who voluntarily uses, without objection, a telegraphic blank which bears upon its face notice that the message is sent subject to the conditions and stipulations appearing on the back, is chargeable with a knowledge of those conditions and stipulations, and, in the absence of some express dissent, becomes bound by them; but it does not follow that one who delivers an oral message to an agent of the telegraph company can be obligated to those conditions by the unauthorized act of such agent in recording the message upon one of those blanks for convenience in transmission."

Under the well-settled rules, therefore, and the uncontroverted facts of this case, we are of the opinion that the most appellee ever did under his own testimony was to complain to the appellant of the negligence of its employees and demand an explanation; that he was bound by the limitation in the contract between the sender and the company, the reasonableness of which he does not question; and that having failed to comply with same he was not entitled to recover, and the trial court should have so instructed the jury. The culpability of the company was established without question, and but for its negligence he could have attended the funeral of his mother, but the company is entitled to insist on its contract, which it has a legal right to do.

It is with regret and reluctance that we reverse the judgment in favor of appellant against the appellee, but under the authorities cited we cannot do otherwise. Reversed and rendered.

Reversed and rendered.