## WESTERN UNION TELEGRAPH CO. v. STAMPS et al.

### No. 2311.

Court of Civil Appeals of Texas. Waco.

March 20, 1941.

Naman, Howell & Boswell, of Waco, and Francis R. Stark, of New York City, for appellant.

Lane & Grace, of Hearne, for appellees.

TIREY, Justice.

Ida Stamps, joined by her husband, brought this suit to recover damages for mental anguish suffered by her by reason of the failure of the Telegraph Company· to deliver promptly to her a message concerning the illness of her aunt. She alleged that such failure was negligence and that in consequence thereof she was deprived of the privilege and right of being with her aunt during her dying hours and of aiding her and comforting her in her extremity, and was denied the privilege of seeing her aunt alive, and as a result thereof, she suffered great disappointment, grief, mental pain, and anguish. The case was tried to the court without a jury and damages were awarded to appellees against appellant for the sum of $150. Appellant has appealed.

Appellant's first assignment of error is: "The trial court erred in rendering judgment against the defendant herein, for the reason that the undisputed evidence shows that the sole cause of the delay in the delivery of the message in question was due to an error or mistake made by the operator of the defendant at a time when he was acting as the agent of the sender of the message and not as the agent of the defendant Telegraph Company." This assignment must be sustained and the application of this rule of law will require that this cause be reversed and rendered.

The material facts are not in dispute. On the morning of February 19, 1939, Ida Stamps, who resided in Dallas, Texas, wired Tom Sims at Hearne, Texas, as follows: "If Auntie needs me answer at once." On the same day, Tom Sims answered the message as follows: "Come at once." When Tom Sims came to the office of the

Telegraph Company the first time to send a reply message, he advised the young man with whom he talked of the serious illness of his wife and stated to him that he wanted to send a message to Ida Stamps "to come at once my wife was passing out; seemed to be passing out and I wanted her to see her living;" that on this first trip he found that he did not have the correct address of Ida Stamps and he went back home to obtain it; that when Tom Sims came back the second time he talked with Joe Wilson, who was an assistant operator of the Telegraph Company. Considering Tom Sims' testimony in the light most favorable to appellees, he testified substantially that he had the same conversation with Mr. Wilson with reference to the sending of the message and the condition of his wife that he had with the young man with whom he first talked; and he further testified positively that he asked the operator to write the message out for him; that the agent wrote the message for him and read it back to him and that "he didn't read it to me 'Fort Worth.' If he had read 'Fort Worth' I would have held him up. It was Dallas, Texas." Ida Stamps lived at 3503 Worth Street, Dallas, Texas. The wire was addressed to her at 3503 Worth Street, Fort Worth, Texas. The message was transmitted at 5:24 P. M., February 19th. The Telegraph Company's office at Hearne closed at 6 P. M. on the same day and did not re-open until 8 A. M. of the following day. The next morning the operator at Hearne received a service message from the Forth Worth office stating that there was no such address in Fort Worth. The operator at Hearne immediately tried to locate Tom Sims but was unable to do so. He thereafter made further inquiry, and, through another party, ascertained that the wire should have gone to Dallas. This information was received about 9:30 A. M., February 20th, and the operator immediately had the Fort Worth office forward the message to Dallas to the same street address. Ida Stamps was not at home when the wire was forwarded but was in another part of the city at work. She received the message about 11:30 A. M., February 20th. The last morning conveyance out of Dallas for Hearne left between nine and ten o'clock. Ida Stamps immediately made her arrangements to leave for Hearne and caught the 3:35 P. M., Greyhound bus, arriving in Hearne that night. Her aunt died about 4:10 P. M., on February 20th. The undisputed evidence shows that the failure to deliver the telegram promptly was due solely to the mistake made in sending it to Fort Worth instead of Dallas.

Our Supreme Court, in the early case of Western Union Telegraph Co. v. Edsall, 63 Tex. 668, announced the rule that when the operator, at the request of the sender, writes out the message for the sender, he is acting as an agent for the sender. The court said: "The operator in the preparation of the message was acting for the appellee, and not the company. True, he was the agent of the company to receive and forward messages, but not to write messages for others. Now when appellee specially requested the operator to do this work for him, the operator in respect to that particular matter was as much the agent of the appellee as if he had been a stranger to both parties." Thereafter, our Supreme Court, in the case of Western Union Telegraph Co. v. Foster, 64 Tex. 220, 53 Am. Rep. 754, in discussing the same question, said, in part: "Had the company in any way ordered its servant (a clerk) to do this for the plaintiff? There is no proof that it had. Then the servant was acting beyond the scope of his duty, and it makes no difference whether, in making the correction, he acted sua sponte or at the request of appellee." Our Supreme Court has uniformly adhered to and followed the rule announced in the foregoing cases. Western Union Telegraph Co. v. Holcomb, Tex.Com.App., 210 S.W. 509, point 1, page 510 (opinion adopted by S. Ct.).

Other assignments are raised but the sustaining of the first assignment disposes of this cause and it would serve no useful purpose to discuss them.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant.