# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1885.

63   27
79   66
63   27
84  314

### The Western Union Tel. Co. v. W. S. Rains.

#### (Case No. 1927.)

1. CONTRACT — PUBLIC POLICY.— A contract made between the sender and telegraph company contained the provision that "the company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." *Held*, that an agreement of this character violates no rule based on public policy, being reasonable and obligatory. Following Young *v.* Tel. Co., 65 N. Y., 163; Tel. Co. *v.* Pells & Roy, 2 Tex. L. Rev., 247, and other cases.

2. PRINCIPAL AND AGENT.— A telegraph operator does not sustain such relation to the company as to constitute him its representative in reference to passing upon the subject-matter of a claim, its allowance or payment. Young *v.* Tel. Co., 65 N. Y., 168.

3. SAME — WAIVER.— A telegraph operator, not being an agent of the telegraph company in regard to claims against it, any declarations made by him as to what the company would or would not do could not amount to a waiver of anything required by the written contract.

4. FACT CASE.— See opinion for such a state of facts as will relieve the telegraph company from liability to a party for expenses incurred by him in sending a message.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell. This suit was originally instituted in a justice's court, precinct No. 1, Nueces county, against the Western Union Telegraph Co. by W. S. Rains and his brother for $198.90; the demand being presented in the nature of an open account and sworn to as required by statute. Exceptions to the action in this form having been sustained, they brought suit in form of petition. W. S. Rains sent the following message to Chas. Stephens at Mineola, Texas: "Where is John D. Rains? Please answer immediately. Paid here." By reason of the failure of the company to deliver the message, Rains and his brother, on account of expenses incurred by them, alleged they had been damaged in the amount set out in their account.

The telegraph company filed a plea in abatement as to the proper joinder of the two parties, and also answered, setting up the fact that the sixty days within which the claim for damages as required by contract between the company and sender should be presented, had expired.

The plea in abatement was sustained; and appellee proceeded to prosecute his suit alone. On final trial had before the justice, appellee recovered a judgment for $80. The case was then appealed to the district court, and there the court rendered a judgment for $80 as damages, and $16 interest, for appellee.

*Welch & Givens*, for appellant, cited, on character of the contract: Western Union Tel. Co. *v.* Pells & Ray, 2 Law Review, 246; Wolff *v.* Western Union Tel. Co., 62 Pa. St., 83; Express Co. *v.* Caldwell, 21 Wall., 264; Young *v.* W. U. Tel. Co., 65 N. Y., 163; Heirman *v.* W. U. Tel. Co., Reporter, vol. 16, No. 11; Holst *v.* W. U. Tel. Co., Sup. Court Georgia, May, 1883.

*G. R. Scott*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— There are fatal objections to the proceedings had in this case.

The contract under which the message was sent contained the provision that "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."

Claim was not made within the time prescribed as required by the contract.

Agreements of this charater are held to violate no rule based on public policy, and to be reasonable and obligatory. Young *v.* W. U. Telegraph Co., 65 N. Y., 163; Wolf *v.* W. U. Telegraph Co., 62 Pa. St., 83; Ripley *v.* Ins. Co., 30 N. Y., 137; Express Co. *v.* Caldwell, 21 Wall., 270; Telegraph Co. *v.* Pells & Ray, 2 Tex. L. Rev., 247. The declaration made by the appellee to the company's operator at Corpus Christi, and his reply thereto, cannot be held to operate as a waiver of the written claim. The declaration of the operator amounts to nothing more than an expression of opinion by him that the facts stated by the appellee did not constitute a cause of action against the appellant, and it therefore becomes unnecessary to consider whether he sustained such relation to the appellant as would make his unqualified declaration that the company would not pay a proper claim, when not made in writing, operate as a waiver

of the presentation of the claim in writing within the time prescribed in the contract.

It has been held that an operator does not sustain any such relation to a telegraph company as to constitute him the representative of the company in relation to passing upon the subject-matter of a claim, its allowance or payment. Young v. Telegraph Co., 65 N. Y., 168.

If this be true, his declarations as to what the company would or would not do would be unimportant, and could not amount to a waiver of anything required by the contract.

We are further of the opinion that as matter of law the operator was correct in his declaration that the company was not liable on account of the matters upon which the appellee based his claim.

It is not shown that the failure of the company to deliver the message to the person to whom it was addressed made it necessary for the appellee to incur the expense of sending some one to Mineola to ascertain where John D. Rains was.

The telegram was: "Where is John D. Rains?"

It is not shown that the whereabouts of John D. Rains could not have been ascertained by letter during the time which intervened between the sending of the dispatch and the time when the person, on account of whose expenses the judgment was rendered, started from Corpus Christi to Mineola; but if this had been shown, no such facts are alleged or proved as would make the appellant liable for the expenses or services of such person.

The person to whom the dispatch was sent did not live within the limits in which free delivery, under the contract, would be made, and nothing was paid for delivery beyond the free limit. At the time the message was sent nothing seems to have been said in reference to the fact that the person to whom the message was sent was residing three miles from the office of the appellant and from the town of Mineola, to which the message was sent, and the agent of the company receiving the message seems to have used reasonable diligence to deliver the message.

The record shows that the appellee was not entitled to recover, and as the cause was tried without a jury, the judgment of the court below will be reversed, and judgment here rendered that the appellee take nothing by his suit, and that the appellant recover from him all costs in the courts below as well as the costs in this court; and it is so ordered.

                                        REVERSED AND RENDERED.

[Opinion delivered January 13, 1885.]