## WESTERN UNION TEL. CO. V. DUNFIELD.

Plaintiff telegraphed to a bank not to pay a check, but the message was not delivered until after the bank had opened and the check been paid. The message was sent upon a blank containing a clause that no claim for damages for delay in delivering a message "shall be valid unless presented within thirty days after sending;" but plaintiff, while admitting his signature, denied the execution of the printed contract, and testified that the agent agreed to deliver the message before the bank opened. *Held*, the provision requiring claims to be presented within thirty days is a reasonable one; and, as plaintiff failed to claim damages within that time, his right of recovery is extinguished.

*Appeal from Lake County Court.*

THIS was an action by the appellee against the appellant for damages, claimed to have been occasioned by delay in delivering a telegram. The telegram was sent from Red Cliff to Leadville, and was as follows:

" Form No. 45.

" THE WESTERN UNION TELEGRAPH COMPANY.

" *Night Message.*

" The business of telegraphing is subject to errors and delays, arising from causes which cannot at all times be guarded against, including sometimes negligence of servants and agents whom it is necessary to employ. Errors and delays may be prevented by repetition, for which, during the day, half price extra is charged in addition to the full tariff rates.

" The Western Union Telegraph Company will receive messages to be sent without repetition during the night, for delivery not earlier than the morning of the next ensuing business day at reduced rates, but in no case for less than twenty-five cents toll for a single message, and upon the express condition that the sender will agree that he will not claim damages for errors or delays or for non-delivery of such messages happening from any cause, beyond a sum equal to ten times the amount paid for transmission, and that no claim for damages shall be

valid unless presented in writing within thirty days after sending the message.

"Messages will be delivered free within the established free-delivery limits of the terminal office. For delivery at a greater distance a special charge will be made to cover the cost of such delivery, the sender hereby guaranteeing payment thereof.

"The company will be responsible to the limit of its lines only for messages destined beyond, but will act as the sender's agent to deliver the message to connecting companies or carriers, if desired, without charge and without liability.

"THOS. T. ECKERT,          NORVIN GREEN,
     "General Manager.              President.

| Receiver's No. | Time Filed. | Check.<br>15 Paid 30. |
| --- | --- | --- |

"Send the following night message, subject to the above terms, which are hereby agreed to.  } RED CLIFF, 10–10, 1884.

"*To the Carbonate Bank, Leadville, Col.:* Don't pay check drawn to John Brown, in lead pencil, for hundred and ten dollars.

"Hn. & B.          WM. H. DUFFIELD.
     "8:15 P. M.

"☞Read the notice and agreement at the top.☜"

It was received at the bank at 9:15 the next morning. The bank then returned answer thereto, stating the check had been paid before receipt of the telegram, and this information was duly received by appellee. No demand of any kind for damages on account thereof was ever made, except by the commencement of this action, which was more than thirty days thereafter. In its answer to the complaint the appellant set up the contract upon which the telegram had been sent, and the failure to present the claim for damages within thirty days. In his replication (which was not sworn to) the appellee denied the execu-

tion of the contract set up. Upon the trial the original telegram was produced, and the appellee admitted that the writing and signature thereof were his, but testified, as he had alleged in his complaint, that the agent transmitting the telegram had stated and agreed that he could and would deliver the telegram at the bank at Leadville before it opened in the morning. Judgment was given for appellee for $110, to reverse which this appeal was taken.

Mr. JOHN L. JEROME, for appellant.

STALLCUP, C. Under the facts of this case the provision of the contract requiring any claim for damages to be presented in writing within thirty days was a reasonable provision, and a failure to comply therewith constituted a waiver of such claim and thereby an extinguishment of the right of recovery thereon. *Heimann v. Telegraph Co.* 57 Wis. 562; *Telegraph Co. v. Jones*, 95 Ind. 228; *Cole v. Telegraph Co.* 33 Minn. 227; *Telegraph Co. v. Rains*, 63 Tex. 27. The judgment should be reversed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*