THE WESTERN UNION TELEGRAPH COMPANY v. W. P. CULBERSON.

No. 3178.

1. **Contract Limiting Claim for Damages—Thirty Days.**—A regulation by a telegraph company that claims for damages must be presented in writing within thirty days after sending the message is reasonable and binding upon parties dealing with it.

2. **Parol Agreement.**—The party sending the telegram wrote it upon a form for night service. It was delivered to the agent of the telegraph company. It was agreed between the sender and the agent that the message should be sent the next morning. *Held*, such agreement in no other way changed the conditions upon the form used. It did not make it a *day message*, to which is a limitation of sixty days to present a claim for damages.

ERROR from Cass. Tried below before Hon. John L. Sheppard.

This is error from a judgment in the District Court for $1500 damages, rendered in favor of defendant in error against the telegraph company.

The cause of action was unreasonable delay in delivering a message to the plaintiff touching the illness of his mother. The message was delayed over two days. The plaintiff reached his mother an hour before her death. 'She was unconscious and so remained until her death. Demand for damages was made within sixty days after the date of the message, but over thirty days after. Other facts discussed in opinion are contained in it.

*A. H. Field,* for plaintiff in error.— 1. The court erred in its conclusion of fact that the message sued on was a day message and not a night message. There was no evidence to justify such a conclusion. Womack v. Tel. Co., 58 Texas, 177; Neill v. Tel. Co., 57 Texas, 283.

2. The court erred in holding that the thirty days provision in the blank of defendant upon which the message was written was an unreasonable stipulation as to the presentation of a claim for damages, and erroneously held it to be a species of statute of limitation. Rains v. Tel. Co., 63 Texas, 27.

*W. P. McLean* and *O'Neal & Eberhardt,* for defendant in error.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant to recover damages resulting from a failure on part of the defendant corporation to make prompt delivery of a message informing the plaintiff of the serious illness of his mother. There was a delay of two days in delivering the dispatch, and the plaintiff, who upon its receipt went at once to his mother's bedside, found her unconscious, from which condition she never recovered. She died within about one hour after his arrival.

The message was written upon one of the company's blanks and was signed and handed to its agent for transmission by a brother of the plaintiff. The blank was one intended for night messages, and contained

a stipulation to the effect that the company should not be liable for damages resulting from the nondelivery or for delays in the delivery of the dispatch unless the claim for such damages should be "presented in writing within thirty days after sending the message." Just below the conditions and just above the message were the following words: "Send the following night message subject to the above terms, which are hereby agreed to." The court found that the plaintiff's claim for damages was not presented until April —, 1889, which was more than thirty days after the message was delivered for transmission and more than thirty days after the damages accrued.

The message was presented for transmission at night, but the agent of the company informed the sender that it could not be sent that night, because the company's offices were then closed by reason of its being Sunday. It was then agreed that it should be delivered next morning. The price paid was 25 cents, which was stated on the blank to be the price of a night message and the lowest charge for any service.

The court found that "said telegram was written on a night message blank of defendant company," but seems to have concluded that by reason of the agreement to send it next day the conditions endorsed upon the blank did not become a part of the contract. This, however, is not clear. The finding which bears upon this question is "that if the contract with defendant company and Dugger Culberson was that the telegram above referred to was a night message, paid for as such, and was to be sent as such, then that the stipulation printed at the top of said blank telegram in this case signed by Dugger Culberson, requiring suit to be brought in case of default, etc., was and is an unreasonable time in which suit could be brought in this cause." There is no limitation in the contract as to the time within which a suit for damages for its breach should be brought. The trial judge doubtless referred to the provision which stipulated that the claim for damages should be presented within thirty days after sending the message.

We think the court erred in holding that stipulation was not binding. This court held in the case of the Western Union Telegraph Company v. Rains, 63 Texas, 27, that such a stipulation for the presentation of the claim for damages was not unreasonable, and was obligatory upon the parties. In that case the limit was sixty days. In the Gulf, Colorado & Santa Fe Railway Company v. Trawick, 68 Texas, 314, it was held that a stipulation in a bill of lading for the shipment of cattle, to the effect that the shipper should not be entitled to recover damages for a breach of the contract unless suit should be brought in forty days, was valid.

In the present case the time stipulated within which the claim should be presented is shorter, but the principle is the same. No reason is seen why the time was not amply sufficient for the party injured to make out in writing his claim for damages and to present it to the company. The

damages which the plaintiff had suffered were as well known to him within three days after the message was sent as they could have been at any future time, and the space allowed afforded an ample opportunity for making the demand,

But it is urged that the court's finding upon this question was not material, for the reason that the agreement to deliver the message on the morning of February 25 made it a day message, and that the answer discloses that as to such messages sixty days were allowed to present the claim for damages. In this proposition we do not concur. If the agreement between the agent and the sender that the dispatch should be delivered on the morning of the 25th had made a change in the contract, it would have altered it in that particular only, and would have left its other stipulations unimpaired. These provisions were as reasonable when made parts of contract to deliver a message in the day time as when incorporated in a contract to deliver at night. But the written contract only bound the company to a delivery "not earlier than the morning of the next ensuing business day." The verbal agreement to deliver next morning did not change its legal effect.

Upon the case made the plaintiff was not entitled to recover, and the judgment is accordingly reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered December 12, 1890.