S. M. LESTER. v. WESTERN UNION TELEGRAPH COMPANY.

No. 7172.

**Stipulated Limitation as to Claims, etc., Against Telegraph Company.**— In suit filed in 1889 against a telegraph company for damages for negligently failing to deliver telegrams, *held*, that the stipulation exonerating the telegraph company from liability for damages "in any case where the claim is not presented within sixty days," etc., was a part of the contract; and such notice not having been given, judgment was properly rendered against the claim. Such clause is a defense as well against claim for the money expended in payment for sending the messages as for mental anguish or other claim for unliquidated damages.

APPEAL from Grayson. Tried below before Hon. H. O. HEAD. No statement is necessary.

*C. B. Randell* and *W. W. Wilkins,* for appellant.—The court erred in its conclusions of law, that the plaintiff was not entitled to recover because he had failed to present his claim for the damages sued for in writing within sixty days from the date of the sending of the messages mentioned in plaintiff's petition; for the contract mentioned in defendant's answer and requiring said claim to be presented in writing within sixty days was unreasonable, in that it did not designate the place where and person to whom said claim should be presented. Good v. Railway, 11 S. W. Rep., 854; Railway v. Harris, 67 Texas, 172; Tel. Co. v. Neill, 57 Texas, 283; Tel. Co. v. Brown, 58 Texas, 170; Tel. Co. v. Johnson, 3 Fed. Rep., 62; White v. Tel. Co., 14 Fed. Rep., 710, and note; Express Co. v. Caldwell, 21 Wall., 264; Railway v. Lockwood, 17 Wall., 357; Gray on Com. by Tel. secs. 28, 46–48; 3 Ct. App. C. C., sec. 364.

*Stemmons & Field,* for appellee.—The finding of the court, that from failure to make demand within sixty days after sending the message appellant could not recover, is fully sustained by the authorities. Tel. Co. v. Rains, 63 Texas, 27; Tel. Co. v. Pells & Ray, 2 Texas Law Rev.,

247; Express Co. v. Caldwell, 21 Wall., 264; Young v. Tel. Co., 65 N. Y., 163; Wolf v. Tel. Co., Allen's Tel. Cases, 463.

MARR, JUDGE, *Section A.*—The appellant brought this suit against the appellee to recover damages on account of the latter's negligent failure to transmit and deliver promptly certain telegrams relating to the serious illness and death of the appellant's son. None of the telegrams were delivered on time, and some of them not at all.

The appellee, as found by the court below, was plainly guilty of culpable negligence in reference to these messages. The court below held, that in consequence of the negligence of the defendant the plaintiff had sustained damages in the sum of $2000; but as he had omitted to present his "claim for the damages in writing within sixty days after sending the messages," he was not entitled to recover anything, and accordingly gave judgment for the defendant.

This ruling of the court was based upon the contract between the parties as evidenced by the printed terms of the telegram, which contained stipulations requiring such notice of the claim to be given as is indicated by the above finding of the court. The appellant did not present his claim within the prescribed period. Under the decisions of the Supreme Court upon the subject, we think that the judgment of the District Court must be held to be correct in so far as it denies a recovery for unliquidated damages or damages on account of mental suffering. Tel. Co. v. Culberson, 79 Texas, 65; Tel. Co. v. Rains, 63 Texas, 27; Railway v. Trawick, 68 Texas, 314.

It appears, however, that the plaintiff expended $4.25 on account of the telegrams, and that this sum was paid to the defendant on behalf of the plaintiff to secure the proper transmission and delivery of said messages, which the appellee undertook to do. Having wholly failed to perform this duty as it should have done, we do not think that the appellee earned these fees or charges, and ought not to be allowed to retain the same, unless protected by the terms of the contract before mentioned. We are of the opinion, however, that the stipulation in the contract which exonerates the company from liability "for damages in any case where the claim is not presented within sixty days," etc., does embrace every character of damages which resulted from the breach of the contract between the parties. No exception as to the kind of damages is contained in the contract; and as the right to recover back the charges paid arises alone from the breach of the contract by the appellee, it must therefore be held that the stipulation as to notice of the claim, which was not complied with, constitutes a complete bar to the plaintiff's action.

The judgment for this reason alone should be affirmed.

*Affirmed.*

Adopted April 12, 1892.