WESTERN UNION TELEGRAPH CO. v.
SCARBOROUGH et al.

No. 1745—6194.

Commission of Appeals of Texas, Section A.
March 14, 1934.

Wilson, Randal & Kilpatrick, of Lubbock, William H. Flippen and John W. Miller, both of Dallas, and Francis R. Stark, of New York City, for plaintiff in error.

Vickers & Campbell, of Lubbock, for defendants in error.

CRITZ, Judge.

Rosa M. Scarborough, joined by her husband, Roy Scarborough, filed this suit in the district court of Lubbock county, Tex., against Western Union Telegraph Company for damages alleged to have resulted to Mrs. Scarborough on account of the negligence of the telegraph company in failing to promptly deliver a telegram addressed to Roy Scarborough. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for the Scarboroughs for $1,050. This judgment was affirmed by the Court of Civil Appeals. 44 S.W.(2d) 751.

As we understand this record, S. B. Burkhart was the father of Mrs. Scarborough. Prior to his death, S. B. Burkhart resided with his wife, Mollie Burkhart, near the town of Sulphur Springs in Hopkins county, Tex. Mrs. Scarborough resided with her husband, Roy Scarborough, at or near the town of Levelland in Hockley county, Tex. S. B. Burkhart died on or about March 20, 1930, and Mrs. Scarborough alleges that on such date "Mollie Burkhart, wife of S. B. Burkhart, deceased, sent and caused to be transmitted to the plaintiffs the following message, advising them of the death of their father, S. B. Burkhart, as follows:

" 'Sulphur Springs, Texas 8:10 A. M.
" 'March 20, 1930.
" 'Roy Scarborough,
" 'Box 394,
" 'Levelland, Texas.
" 'Father is dead.

" 'Mollie Burkhart.' "

The above telegram reached Levelland on the morning it was sent at 8:58 a. m. It was not delivered to Roy Scarborough or Mrs. Scarborough until the afternoon of the next day. If the message had been delivered promptly, Mrs. Scarborough could and would have attended her father's funeral, but on account of the delay in delivery she was prevented from so doing.

The message as delivered to the company at Sulphur Springs was written on a blank form provided for that purpose by the company. This form provided on its face near the top thereof: "Send the following message, subject to the terms on the back hereof, which are hereby agreed to." Below the above was written the message.

One of the terms on the back of the form on which the message was written was as follows: "In the case of intra-state messages in Texas the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety-five days after the cause of action, if any, shall have accrued."

The legal effect of the provision just quoted, as applied to the facts of this case, must determine the result of this appeal.

Before proceeding further we deem it expedient to here quote the applicable portion of article 5546, R. C. S. of Texas,1925, which is as follows: "Art. 5546. No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same. * * * In any suit brought under this and the preceding article it shall be presumed that notice has been given unless the want of notice is especially pleaded under oath. (Acts 1891, p. 20; Acts 1907, p. 241.)"

It is conclusively shown that no claim for damages was made by the Scarboroughs, or either of them, in any form, within the 95-

day period provided by the contract between the sender of the message and the company. In this connection, the record shows that the message as delivered to the Scarboroughs was on a blank form that did not contain the above-quoted provision with reference to making claim for damages within 95 days, and they had no knowledge thereof unless knowledge is, in law, imputed unto them. Finally, the Scarboroughs could and would have filed the claim with the company within the 95 days if they had had actual knowledge of the fact that the form on which the message was sent contained the 95-day provision in question.

■ It is the general rule that a stipulation in the contract that the telegraph company shall not be liable for damages unless a claim therefor is presented within a specified time is valid and binding. 62 C. J. p. 185, par. 212. This rule obtains in all interstate messages. Id. It is also settled that the above rule obtains in this state if the stipulation is reasonable. Article 5546, supra; Western Union Telegraph Co. v. Rains, 63 Tex. 27; Western Union Telegraph Co. v. Culberson, 79 Tex. 65, 15 S. W. 219; Western Union Telegraph Co. v. Guitar (Tex. Com. App. opinion adopted) 295 S. W. 598, 600; Western Union Telegraph Co. v. Janko (Tex. Civ. App.) 212 S. W. 243; Lester v. Western Union Telegraph Co., 84 Tex. 313, 19 S. W. 256: Western Union Telegraph Co. v. Vann (Tex. Civ. App.) 288 S. W. 541. There are many other Texas authorities supporting the above rule, but the ones cited are sufficient.

■ The Court of Civil Appeals holds in the instant case that since no issue of the reasonableness of the above stipulation was submitted to the jury, and no such issue requested by the company, it waived the defense This holding is error. The contract stipulates 95 days, and such time is more than the minimum time provided by the statute. Under such a record, we think the company discharged its burden when it pleaded the contract and proved noncompliance therewith. In this connection we call attention to the fact that prior to the enactment of article 5546, supra, this court held that 60 days was a reasonable time to stipulate. Lester v. Western Union Telegraph Co., supra; Western Union Telegraph Co. v. Rains, supra. Also in Western Union Telegraph Co. v. Culberson, supra, 30 days was held to be reasonable.

■■ The Court of Civil Appeals holds, in effect, that the failure of the company to deliver the message on a form containing the 95-day stipulation amounted to a fraud in law on the Scarboroughs. We are unable to agree to this ruling. It is the settled law of this state that a person receiving a telegraph message is bound by the contract made by the sender because the duty claimed to have been violated can arise only from the contract. Western Union Telegraph Co. v. Guitar, supra. We quote the following from the Guitar opinion: "Negligence arises from a violation of duty owing by one person to another. If there is no duty there is no negligence. Without the contract * * * the latter owed the plaintiff no duty, and hence there could be no negligence in the absence of the contract. So it plainly appears that plaintiff would have no cause of action except for the contract because the duty of the company arose from the contract. May the plaintiff charge the company with the duty arising from the contract and at the same time repudiate one of the conditions upon which the duty was assumed? We think not."

Under the above rule, it is plain that Mrs. Scarborough could have no cause of action against the company except on the contract made between it and the sender of the message, because the duty of the company arose only from the contract.

■ In England the addressee or sendee cannot maintain an action against a telegraph company for negligence or default in regard to the transmission or delivery of a message, where he was not a party to the contract of transmission, and the sender did not act as his agent. In this country the general rule is that the addressee or sendee can maintain such an action. 62 C. J. p. 193, par. 221. The reasons for the American rule differ in the several jurisdictions. Id. In Texas the reason for the rule is based on the theory that the contract was made for the benefit of the sendee. Western Union Telegraph Co. v. Coffin, 88 Tex. 94, 30 S. W. 896; Western Union Telegraph Co. v. Beringer, 84 Tex. 38, 19 S. W. 336; Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920. Certainly, if the very right to maintain the suit is based on the contract, and on the theory that the sender of the message made a contract with the company for the benefit of the sendee, the sendee cannot claim the benefits of the contract, and at the same time repudiate one of its principal terms. What we have said settles this case.

We recommend that the judgments of the Court of Civil Appeals and the district court

be both reversed and judgment here rendered for the telegraph company.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.