## WESTERN UNION TELEGRAPH CO. v. TIDMORE et ux.

### No. 4207.

Court of Civil Appeals of Texas. Amarillo.
May 14, 1934.

Rehearing Denied July 9, 1934.

Cooper & Lumpkin, of Amarillo, and Francis R. Stark, of New York City, for appellant.

Carl Gilliland, of Hereford, for appellees.

HALL, Chief Justice.

The appellees, as plaintiffs, residing in Castro county, Tex., near the town of Flagg, filed this suit against the appellant telegraph company, alleging: That Mrs. Tidmore's father resided near Pilot Point, Tex.; that he had been in failing health, and died about 8 o'clock a. m., October 14, 1930; that on said day Dr. Harris, who had been attending the deceased, upon request of the appellees' agent, filed with appellant a telegram addressed to Mrs. Tidmore at Dimmitt, to be transmitted from there by telephone to her at Flagg; that appellant's agent informed Dr. Harris that the message would have to be sent to Plainview and transmitted from there to appellees at Flagg to be delivered, because the same could not be sent by way of Dimmitt. Upon being so advised, Dr. Harris delivered to appellant's agent at Pilot Point, at 10:05 a. m. on that day, the following telegram:

"Mrs. J. K. Tidmore, Flagg, Texas.
"Your father died this morning.
"Dr. T. M. Harris."

The allegations show that on account of the telephone line between Plainview and Flagg being out of commission, the receiving agent at Plainview, after having made seven different efforts to reach Flagg over the telephone line, notified Dr. Harris by service message at Pilot Point, and the appellant was instructed by Dr. Harris to mail the telegram to the appellees at Flagg, and it was not received by appellees until the following day about 3 o'clock p. m., too late for them to attend the funeral at Pilot Point.

Although Mrs. Tidmore's father died on October 14, 1930, this suit was not filed until October 13, 1932. The blank form upon which Dr. Harris wrote the message contained, amongst other conditions, the following:

"The Company is hereby made the agent of the sender without liability to forward this message over the lines of any other company when necessary to reach its destination.

"The Company will not be liable for damages where the claim is not presented in writing within ninety-five days after the cause of action shall have accrued."

Neither Mrs. Tidmore nor her husband ever presented any written claim for damages to the appellant in accordance with the foregoing stipulation.

The case was submitted to the jury on a general charge, resulting in a verdict in favor of the appellees in the sum of $1,500.

R. S. art. 5546, provides: "No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable."

The appellant company pleaded the two foregoing stipulations as independent defenses.

In the recent case of Western Union Telegraph Company v. Scarborough (Tex. Com. App.) 68 S.W.(2d) 1027, 1029, it is held that the last of the foregoing stipulations is valid, as it relates to intrastate telegrams, and although it is frequently held that the statute imposes upon the company the duty of pleading and proving the reasonableness of the stipulation which, under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084, presents as a question of fact the independent defense requiring the company to have the issue submitted to the jury, it is held in the Scarborough Case that the company does not waive the defense by failing to request the submission of the issue. 8 Tex. Jur. 369–371, and authorities cited. The court further said: "The contract stipulates 95 days, and such time is more than the mini-

546

mum time provided by the statute. Under such a record, we think the company discharged its burden when it pleaded the contract and proved noncompliance therewith."

In view of this holding it is unnecessary to discuss any of the other propositions urged by the appellant. Having failed to file a written claim as required by the stipulation, the appellees have no right to recover. The judgment is therefore reversed, and is here rendered for the appellant.