**CONNECTICUT GENERAL LIFE INS. CO. v. DUGAS.**

No. 2870.

Court of Civil Appeals of Texas. Beaumont. Feb. 7, 1936.

Rehearing Denied Feb. 26, 1936.

Orgain, Carroll & Bell, of Beaumont, for appellant.

O. M. Lord, of Beaumont, for appellee.

758

WALKER, Chief Justice.

On the 13th of September, 1934, appellee, Alcee Dugas, instituted this suit against appellant, Connecticut General Life Insurance Company, alleging that "on or about October 5, 1930, the plaintiff, while under the age of sixty, became totally and permanently disabled within the terms and meaning" of the following certificate of insurance:

"The Connecticut General Life Insurance Company of Hartford, Connecticut, certifies that it has insured the lives of certain employees of the Gulf Oil Corporation of Pennsylvania and its Subsidiary Companies by a policy of insurance issued and delivered to the said Corporation.

"Under and subject to the terms and conditions of the above mentioned policy the life of Alcee Dugas is insured under the terms of a policy dated April 1, 1925, in the sum of $1000, payable in the event of death to the beneficiary named herein, or in the event of total and permanent disability occurring before age sixty, to the insured himself. The policy expressly provides that this insurance shall cease whenever the above employee leaves or cancels his payroll deduction order.

"Connecticut General Life Insurance Co.
"T. B. Wilde, Secretary
"G1616, 9–28, 15M. No. 11537. Date Effective Oct 9 1927."

The issues made by his petition were submitted to the jury and found in his favor. On the verdict judgment was entered in favor of appellee against appellant for $1,000, with interest at 6 per cent. per annum from date of judgment.

Appellant's first assignment of error is as follows:

"The court erred to the prejudice of this defendant in overruling and in refusing to grant this defendant's request No. 1, reading as follows:

" 'This defendant objects to the court's charge because the court does not charge the jury that their verdict will be in favor of the defendant, Connecticut General Life Insurance Company, and against the plaintiff, Alcee Dugas.' "

Its first proposition is as follows: "The defendant having plead under oath that the group policy here sued upon contained a provision to the effect that no action should be instituted upon any claim under such policy unless the employee gave notice to the defendant of such claim within two years after his employment terminated and that plaintiff had failed to give such notice and the undisputed evidence being that no notice was given the defendant of plaintiff's claim within two years after plaintiff's employment terminated and there being no pleading or proof of a waiver of such provision or of excuse for failure to comply with the same, it was error for the trial court to refuse to grant defendant's motion for an instructed verdict."

This assignment of error, with its proposition, is supported by the following statement: As shown by its own recitations, appellee's certificate of insurance was issued and delivered to him "under and subject to the terms and conditions" of a policy of group insurance issued by appellant to Gulf Oil Corporation of Pennsylvania and its subsidiary companies, dated the 1st day of April, 1925. In its answer appellant pleaded, and the proof sustained the plea as a matter of law, that this policy of insurance contained the following conditions: "No claim for permanent total disability incurred by any employee during his period of employment shall be paid after the termination of such employment unless such employee gave notice of such disability to the employer during the said period of employment or within sixty days thereafter. No action shall be instituted against the Company by any employee under any claim under this policy unless the said employee shall have given notice to the Company of such claim within two years after the termination of his employment."

Under all the proof the "notice" pleaded by appellant was not given to it until August, 1934, long after the expiration of the two years. There is no proof or contention by appellee that this provision was waived.

On the facts, appellant was entitled to an instructed verdict. Under Western Union Telegraph Co. v. Scarborough (Tex.Com.App.) 68 S.W.(2d) 1027, 1029, 94 A.L.R. 1053, it is not an open question that the stipulation in this policy requiring that notice of claim be given to appellant by appellee within two years after the termination of his employment is valid and binding as a matter of law; and that the two years was "a reasonable time," as a matter of law; and that it was not necessary for appellee to plead that the "two years" was a reasonable time or to offer proof on that issue or to have the

issue submitted to the jury. On this very point Judge Critz, writing the opinion for the Commission of Appeals, said in the Scarborough Case:

"It is the general rule that a stipulation in the contract that the telegraph company shall not be liable for damages unless a claim therefor is presented within a specified time is valid and binding. 62 C.J. p. 185, par. 212. This rule obtains in all interstate messages. Id. It is also settled that the above rule obtains in this state if the stipulation is reasonable. Article 5546, supra; Western Union Telegraph Co. v. Rains, 63 Tex. 27; Western Union Telegraph Co. v. Culberson, 79 Tex. 65, 15 S. W. 219; Western Union Telegraph Co. v. Guitar (Tex.Com.App. opinion adopted) [116 Tex. 497] 295 S.W. 598, 600; Western Union Telegraph Co. v. Janko (Tex. Civ.App.) 212 S.W. 243; Lester v. Western Union Telegraph Co., 84 Tex. 313, 19 S.W. 256; Western Union Telegraph Co. v. Vann (Tex.Civ.App.) 288 S.W. 541. There are many other Texas authorities supporting the above rule, but the ones cited are sufficient.

"The Court of Civil Appeals holds in the instant case that since no issue of the reasonableness of the above stipulation was submitted to the jury, and no such issue requested by the company, it waived the defense. This holding is error. The contract stipulates 95 days, and such time is more than the minimum time provided by the statute. Under such a record, we think the company discharged its burden when it pleaded the contract and proved noncompliance therewith. In this connection we call attention to the fact that prior to the enactment of article 5546, supra, this court held that 60 days was a reasonable time to stipulate. Lester v. Western Union Telegraph Co., supra; Western Union Telegraph Co. v. Rains, supra. Also in Western Union Telegraph Co. v. Culberson, supra, 30 days was held to be reasonable."

Appellee makes the following points against appellant's assignment and proposition:

■ First. The proposition does not assert that proof was made that "the group policy contained the pleaded provision." This is a correct construction of the proposition, but by the amendments to article 1757, R.C.S. (Vernon's Ann.Civ.St. art. 1757), it is now the law, quoting Henderson v. Page (Tex.Civ.App.) 78 S.W.(2d). 293, that "propositions are not an essential part of briefs; therefore, the sufficiency of the propositions here cannot be questioned."

There can be no issue that appellant's assignment of error is sufficient to support the argument that, as a matter of law, under its pleadings and the undisputed proof, it was entitled to an instructed verdict.

Second. The Scarborough Case satisfactorily disposes of appellee's contention that it was necessary for appellant to plead and prove that the provision of the policy stipulating for two years' notice "was reasonable." In support of this contention appellee cites the opinion of the Court of Civil Appeals in the Scarborough Case, 44 S.W.(2d) 751; the opinion by Judge Critz, seriatim, overruled the conclusions of the Court of Civil Appeals.

■ Third. It is further contended: (a) That the notice provision was not a part of the policy, but was a part of the application. This contention is denied. The following provision appears on the face of the group policy: Appellant agreed to pay the amount of the coverage "in accordance with the following Schedule of Insurance on Each Life. Schedule of Insurance on Each Life. See Attached Sheet." There was attached to the policy a "Schedule of Insurance on Each Life," and the two-year provision regulating the notice was a part of this schedule. (b) It is also contended that the "company" referred to in the notice provision meant Gulf Oil Corporation, and not appellant. This contention is denied by the recitations of the policy. It is provided on the face of the group policy: "The Connecticut General Life Insurance Company of Hartford, Connecticut, (hereinafter called The Company)." The policy then continued with the provision quoted above relating to "Schedule of Insurance on Each Life." It is clear from this statement that the schedule was a part of the policy, and that the word "company" was used in the sense defined on the face of the policy. (c) It is also contended that the group policy is no part of this certificate; that, under the statutes of Texas regulating life insurance this certificate, by its own terms and recitations, constituted the complete contract between appellant and appellee. We overrule this contention. This was a tripartite contract and the group policy was essentially a part of appellant's certificate. We think this is the clear holding of Wann v. Metropolitan Life Ins. Co. (Tex.Com.App.)

41 S.W.(2d) 50, and Metropolitan Life Ins. Co. v. Greene (Tex.Civ.App.) 75 S.W. (2d) 703.

Fourth. Appellee also has the proposition, supported by motion duly filed, that appellant's brief is fatally defective and should be stricken as being in violation of rule 30. This motion is based upon the fact that appellant did not, in the first part of its brief, bring forward all of its propositions separately stated and separately numbered. In Walker County Lumber Co. v. Sweet, 40 S.W.(2d) 225, this court held that rule 30 was abrogated by the amendments to article 1757. Since appellant's brief contains the assignments of error, and a statement in support of the assignment that appellant was entitled to an instructed verdict, propositions were not necessary to support the argument for an instructed verdict. It is our conclusion that the motion to strike is without merit.

It follows that the judgment of the lower court must be reversed and judgment here rendered in favor of appellant.

Reversed and rendered.